DENNISTON, Respondent, vs. JOHNSON, Appellant.

*March 25—April 13, 1915.*

*Real-estate brokers: Commissions: Trial: Questions for jury: New trial.*

In an action to recover a commission on a sale of land, where the only issue for determination by the jury was as to whether plaintiff was the procuring cause of the sale, and by agreement and consent of counsel only that question was submitted, a verdict finding that plaintiff was not such cause entitled defendant to judgment, and it was error to grant a new trial on the ground that the jury should not have been restricted to that issue.

APPEAL from an order of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

This is an action to recover damages as commission upon an alleged sale of real estate.

The plaintiff is a real-estate broker in the city of Hudson.

Defendant owned a tract of land in the outskirts of the city. In November, 1913, the defendant and plaintiff had a conversation in reference to selling defendant's property. No contract was entered into at this time. In December following the plaintiff went to the defendant and told him that he had a party who desired to buy property about the size of defendant's. Defendant told plaintiff that he would sell if he could get his price and that plaintiff might show his party the place. There is some conflicting testimony as to whether commission was mentioned at this time or not. Plaintiff showed the property to his party, one Eastwood of Le Sueur, Minnesota, but Eastwood did not then decide to purchase and stated that he wanted his wife to see the property. Eastwood left Hudson the following day. Later he wrote the plaintiff asking the lowest price the property could be bought for and giving terms of payment. Plaintiff, after seeing defendant, answered this letter and quoted the price at $2,500 with some personal property thrown in. Eastwood replied by letter that this was too much and he thought that $2,000 ought to purchase the property. Plaintiff showed this second letter to defendant. The plaintiff did not answer this letter and did not make the sale. Some time later Eastwood returned to the city of Hudson, refused to have any further dealings with the plaintiff, and secured one Tappins to show him some property. Tappins showed him the defendant's property and the sale was finally consummated, Tappins receiving $100 commission. At the time the plaintiff first heard from Eastwood by letter and went to defendant the question of a commission was mentioned by the parties. Plaintiff testifies that defendant then stated he would take $2,500 for his property and would pay a five per cent. commission for securing a purchaser, to which plaintiff replied, "All right." The defendant's testimony is to the effect that plaintiff demanded a five per cent. commission on whatever sale was effected. After the property had been sold plaintiff notified defendant that he expected payment of a commission.

The court, by special verdict, submitted to the jury the inquiry: "Was the plaintiff the procuring cause in the sale to M. J. Eastwood of the real estate in question?" and the jury answered in the negative. At the time of submitting the case to the jury counsel for both parties in open court consented that this was the only issue presented under the evidence adduced. The defendant moved for judgment on the verdict, which motion was denied. The plaintiff moved for judgment notwithstanding the verdict and, in case such motion be denied, for a new trial. The court granted a new trial upon the ground that it erred in restricting the jury to the issue embraced in the special verdict. From such order this appeal is taken.

*N. O. Varnum,* for the appellant.

For the respondent there was a brief by *White & Skogmo,* and oral argument by *G. B. Skogmo.*

SIEBECKER, J. The order granting a new trial must be reversed. It appears that the only issue presented for determination by the jury under the evidence was embraced in the question of the special verdict. The contract between the parties for a commission for the sale of defendant's real estate was an oral one. The evidence of the parties on the subject only permits of the inference that plaintiff was to receive the commission claimed by him in case he procured a purchaser for the sale of defendant's property. The jury by their special verdict found that the plaintiff was not the procuring cause of the sale of defendant's property to Eastwood. The evidence abundantly supports this finding. The record also shows that counsel for both parties consented and agreed that this was the only issue raised in the case for determination by a jury. The defendant was entitled to judgment on the verdict.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions that the circuit court award the defendant judgment on the verdict of the jury.